UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAULO ANDRES FLOREZ CARVAJAL (A-Number: 215-618-550), | Case No.  1:26-cv-3075-TLN-JDP |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, *et al.*, | |
| Respondents. | |

Petitioner Paulo Andres Florez Carvajal entered the United States on a tourist visa in 2017 and was detained by ICE in 2026.  Petitioner, proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  Respondents move to dismiss on the basis that petitioner has not exhausted his administrative remedies.  For the reasons stated below, I recommend that respondents' motion be granted and that the petition be dismissed without prejudice.

**Background**

Petitioner entered the United States on a tourist visa in 2017.  ECF No. 10-1 at 2.  After petitioner's visa expired in 2018, he remained in the country.  *Id*.  In 2021, an immigration judge ordered petitioner removed to Colombia.  *Id*.  However, because petitioner has timely appealed, the removal order is not administratively final.  *See id*.; 8 U.S.C. § 1101(a)(47)(B)(i).  There is no allegation or evidence that, prior to his present detention, petitioner has been detained.

In January 2026, petitioner was arrested in Florida for battery. ECF No. 10-1 at 3. That criminal case was closed after prosecutors filed a "no information." ECF No. 1-4. Petitioner was detained by ICE upon his release from local custody. ECF No. 10-1 at 2.

On April 3, 2026, petitioner was afforded a bond hearing, at which the immigration judge granted petitioner release from custody under bond of $50,000. ECF No. 1-7 at 4. Petitioner waived his right to appeal that order. *Id*. at 5. Petitioner has not posted bond and remains in custody. ECF No. 1 ¶¶ 17, 46.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner alleges that his detention is unlawful and that the immigration judge's order setting bond at $50,000 is unconstitutional. ECF No. 1 ¶¶ 56-91. Respondents move to dismiss the petition on the basis that, by not appealing the immigration judge's bond order, petitioner has not exhausted his administrative remedies.[1] ECF No. 10 at 4.

---

[1] Respondents argue in the first instance that the court does not have jurisdiction over this matter because "[t]he gravamen of Petitioner's habeas petition appears to be a challenge to the $50,000 bond amount as excessive" and "challenges to bond amounts under § 1226 are not cognizable for judicial review." ECF No. 10 at 3. Because petitioner alleges that his detention otherwise violates the Fifth Amendment, I find that the court has jurisdiction. *See* ECF No. 1 ¶¶ 56-91; 28 U.S.C. § 2241(c)(3).

2

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner fails to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies."  *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).  However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  I begin by considering the *Puga* factors.

First, I do not find that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision."  *See Hernandez*, 872 F.3d at 988.  The immigration judge ("IJ") provided a written decision, there presumably is a transcript and/or audio recording of the hearing, and neither party argues that consideration by the Board of Immigration Appeals ("BIA") is necessary to generate a proper record.  *See* ECF No. 11-1 at 4. Where, as here, the petitioner is entitled to a bond hearing under section 1226, courts have found that the first *Puga* factor weighs against prudential exhaustion.  *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025).

Second, I find that "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme."  *See Hernandez*, 872 F.3d at 988.  Indeed, "[g]ranting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations."  *See Okoth*, 2026 WL 45199, at *3 (finding that the

3

second *Puga* factor weighs in favor of prudential exhaustion).  Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022).  While the Court of Appeals did not foreclose as-applied challenges, petitioner does not argue that section 1226's procedures violate his due process rights.  *See id.*  I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum."  *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, I find that "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  *See Hernandez*, 872 F.3d at 988.  The BIA "has the authority to correct . . . erroneous factual determinations and evidentiary errors."  *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. §§ 1003.1(d)(3)(i)-(ii)).

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

As noted, a court may waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Hernandez*, 872 F.3d at 988.  Petitioner argues that exhaustion should be excused because he "was actually the *de jure winner* of the bond hearing."  ECF No. 11 at 6 (emphasis in original).  However, if a noncitizen "disagrees with the IJ's bond determination or wishes to challenge the amount of bond set by the IJ, he may also appeal the IJ's bond decision to the BIA."  *Hernandez*, 872 F.3d at 983 (cleaned up).  Petitioner presents no authority to support his assertion that "[t]here for was nothing for the Petitioner, the winner of the bond hearing, to appeal to the BIA."  *See* ECF No. 11 at 6.

Next, petitioner argues that there is no "real administrative remedy that the Petitioner could really have used."  ECF No. 11 at 7.  Petitioner asserts that his counsel for the bond hearing "attempted to file a bond redetermination due to the Petitioner's financial inability to pay the set bond amount" and that this filing was rejected.  ECF No. 1 ¶ 19.  The rejection notice, however,

4

states that, at the time petitioner submitted his filing, there was "no pending case" and therefore the filing was rejected. ECF No. 1-9 at 2. The rejection notice instructed petitioner to file a new bond redetermination request along with a copy of the notice, and thus petitioner has an administrative remedy. *Id*. Moreover, because the immigration court has directed petitioner to file a bond redetermination request, petitioner's argument—that such a request is ordinarily granted "only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination"—is without merit. *See* 8 C.F.R. § 1003.19(e).

Lastly, petitioner appears to argue that exhaustion should be excused since "BIA review of [his] claims would be futile because the BIA's position on whether consideration of ability to post bond is required is already set." *See* ECF No. 11 at 7-8 (quoting *Hernandez*, 872 F.3d at 986). In *Hernandez*, the plaintiff contested "the government's policy of refusing to require ICE and IJS to consider financial circumstances and alternative conditions of release in bond determinations." *Hernandez*, 872 F.3d at 989. The Court of Appeals found that "in several unpublished cases the BIA has concluded that an alien's ability to pay the bond amount is not a relevant bond determination factor." *Id*. Accordingly, the court held that "the BIA's position is set and that exhaustion would be futile." *Id*.

This action is readily distinguishable because petitioner does not bring a claim for the IJ's failure to consider petitioner's ability to pay. Rather, petitioner claims that his bond amount "is so excessively high that it acts as a de facto denial of release with the appearance of adequate process."[2] ECF No. 1 ¶ 73. As noted, to the extent that petitioner "wishes to challenge the amount of bond set by the IJ, he may . . . appeal the IJ's bond decision to the BIA." *Hernandez*, 872 F.3d at 983 (cleaned up). Consequently, it does not appear that exhaustion would be futile.[3]

---

[2] While petitioner argues in his opposition to the motion to dismiss that the IJ failed to "make an independent determination as to [his] ability to pay," petitioner brings no such claim in the petition, and thus a claim regarding the IJ's failure to consider ability to pay is not properly before the court. *See* ECF No. 11 at 5.

[3] It also bears mention that federal courts do not have the authority "to review the reasonableness of the amount of bond, even if [the petitioner] cannot afford to post it." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008) (citing 8 U.S.C. § 1226(e)).

Accordingly, the petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4 (dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same).

### Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Respondents' motion to dismiss, ECF No. 10, be GRANTED.

2. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 24, 2026    _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE