UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULO ANDRES FLOREZ CARVAJAL,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al.*,<br>Respondents. | Case No. 1:26-cv-3075-TLN-JDP<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

Petitioner Paulo Andres Florez Carvajal entered the United States on a tourist visa in 2017 and was detained by ICE in 2026. Petitioner, proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Respondents move to dismiss on the basis that petitioner has not exhausted his administrative remedies. I previously recommended that the petition be denied for failure to exhaust. Petitioner filed objections. After reconsidering the matter, I will vacate my prior recommendations and recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner entered the United States on a tourist visa in 2017. ECF No. 10-1 at 2. After petitioner's visa expired in 2018, he remained in the country. *Id.* In 2021, an immigration judge ordered petitioner removed to Colombia. *Id.* However, because petitioner has timely appealed, the removal order is not administratively final. *See id.*; 8 U.S.C. § 1101(a)(47)(B)(i).

In January 2026, petitioner was arrested in Florida for battery. ECF No. 10-1 at 3. That criminal case was closed after prosecutors filed a "no information." ECF No. 1-4. Petitioner was detained by ICE upon his release from local custody. ECF No. 10-1 at 2.

On April 3, 2026, petitioner was afforded a bond hearing pursuant to 8 U.S.C. § 1226(a), at which the immigration judge granted petitioner release from custody under bond of $50,000. ECF No. 1-7 at 4. Petitioner has not posted bond and remains in custody. ECF No. 1 ¶¶ 17, 46.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that he was deprived of his constitutionally protected liberty interest without a prompt post-deprivation hearing.[1] ECF No. 1 ¶¶ 54-57. Respondents move to dismiss the petition on the basis that petitioner has not exhausted his administrative remedies.[2] ECF No.

---

[1] Petitioner also claims that the immigration judge's order setting bond at $50,000 is unconstitutional. ECF No. 1 ¶ 65. That claim was the focus of my prior findings and recommendations. Because I now recommend that the petition be granted on the basis of petitioner's due process claim regarding the deprivation of his protected liberty interest, I do not presently analyze any claim regarding the bond order.

[2] Respondents argue in the first instance that the court does not have jurisdiction over this matter because "[t]he gravamen of Petitioner's habeas petition appears to be a challenge to the $50,000 bond amount as excessive" and "challenges to bond amounts under § 1226 are not cognizable for judicial review." ECF No. 10 at 3. Because petitioner alleges that his detention otherwise violates the Fifth Amendment, I find that the court has jurisdiction. *See* ECF No. 1 ¶¶ 56-91; 28 U.S.C. § 2241(c)(3).

10 at 4.

Section 2241 does not require exhaustion of administrative remedies prior to filing a habeas petition. *Compare* 28 U.S.C. § 2241 *with* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state court remedies). Accordingly, "[t]he exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and [ICE] procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up); *see also Matter of Fede*, 20 I. & N. Dec. 35 (BIA 1989) (explaining why neither an immigration judge nor the BIA have the legal authority to consider constitutional challenges to the immigration regulations they administer). Because petitioner brings a constitutional challenge to his detention, I find that exhaustion should be waived.

Turning to petitioner's due process claim, the court has previously held that noncitizens admitted to the United States pursuant to a visa but not detained within a reasonable time after the expiration of their lawful status develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining them without adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *5-7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-5349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-5774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same); *Duran A.H. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-cv-7074-TLN-SCR, 2026 WL 2731293 (E.D. Cal. Sept. 16, 2026); *G.C. v. Andrews*, No. 1:26-cv-0874-TLN-SCR,

2026 WL 2334141, at *1 (E.D. Cal. Aug. 12, 2026); *G.E. v. Warden of California City Corr. Ctr.*, No. 1:26-cv-4311-TLN-JDP, 2026 WL 1733703, at *3 (E.D. Cal. June 16, 2026); *Kalkan v. Chestnut*, No. 1:26-cv-2026-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026); *Torrealba Carrasquel v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-6867-DAD-JDP, 2026 WL 2621102 (E.D. Cal. Sept. 4, 2026).

For the reasons set forth in those cases, I find that petitioner developed a vested liberty interest in remaining free from detention during the over seven years since his nonimmigrant visa expired. That liberty interest "could not be revoked absent notice and a pre-deprivation hearing before a neutral arbiter." *Olivera Tinoco*, 2026 WL 2949219, at *4.

Petitioner was not provided constitutionally compliant pre-deprivation process when ICE detained him. *See Martinez v. Clark*, 124 F.4th 775, 780 (9th Cir. 2024) (procedural due process requires the government to bear the burden to prove by clear and convincing evidence that petitioner is a danger or a flight risk); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 n.9 (E.D. Cal. 2022) (collecting cases). Further, petitioner was not provided an immigration court bond hearing until over two months after his detention. ECF No. 1 ¶ 57. At that hearing, he was required to bear the burden of proof, *see Matter of Siniauskas*, 27 I. & N. Dec. 207, 207 (BIA 2018), and the immigration judge found that petitioner was eligible for bond, implying that petitioner is neither a danger nor a flight risk.[3] *See* ECF No. 11-1 at 4.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v.*

---

[3] There is no requirement that petitioner appeal that bond hearing to the BIA, as the BIA will not be able to consider the due process challenge. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up); *see also Matter of Fede*, 20 I. & N. Dec. 35 (BIA 1989) (explaining why neither an immigration judge nor the BIA have the legal authority to consider constitutional challenges to the immigration regulations they administer).

*Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id.* at 128 (cleaned up). Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention. *See Munaf*, 553 U.S. at 693. Respondent has not provided any evidence or argument suggesting that petitioner is a danger to the community or a flight risk, and it concedes that petitioner has not been convicted of any crime, with his charge for battery resulting in the prosecutors filing a "no information." *See* ECF No. 1-4; ECF No. 10 at 2. There is no evidence, nor has respondent presented any argument, suggesting that there was "the necessity of quick action" by ICE such that petitioner could not have been provided a pre-deprivation hearing. *See Zinermon*, 494 U.S. at 128.

There also is no indication that a pre-deprivation hearing was unnecessary because petitioner was already in local law enforcement custody when he was detained; on the contrary, courts have found that a pre-deprivation hearing is still required where the petitioner is initially arrested by local law enforcement and then transferred to ICE custody. *See J. O. J.L. v. Blanche*, No. 1:26-cv-4142-DAD-JDP, 2026 WL 1745732, at *4 (E.D. Cal. June 17, 2026), *report and recommendation adopted*, 2026 WL 1832766, at *1 (E.D. Cal. June 25, 2026); *Osorto v. Warden of Mesa Verde Det. Facility*, No. 1:26-cv-2915-DJC-JDP, 2026 WL 1224248, at *4 (E.D. Cal. May 5, 2026), *report and recommendation adopted*, 2026 WL 1330554 (E.D. Cal. May 13, 2026); *Adamchuk v. Casey*, No. 3:26-cv-1149-RBM-VET, 2026 WL 785532, at *1-2 (S.D. Cal. Mar. 20, 2026).

Respondents "cannot reasonably assert that the public and government will be harmed in any legally cognizable sense by being enjoined from violating [p]etitioner's due process rights." *See Pineda v. Chestnut*, No. 1:25-cv-1970-DC-JDP, 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983)). Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21. Accordingly, I recommend his immediate release.

**Conclusion**

Accordingly, it is hereby ORDERED that the findings and recommendations at ECF No. 12 are VACATED and WITHDRAWN. The ones in this filing are substituted, and it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.
2. Respondents' motion to dismiss, ECF No. 10, be DENIED.
3. Petitioner's motion for an expedited review, ECF No. 14, be DENIED as moot in light of these findings and recommendations.
4. Respondents be ordered to immediately release petitioner (A-Number: 215-618-550) from their custody. Respondents shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.
5. The Clerk of Court be ordered to serve California City Detention Facility with a copy of this order.
6. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE