UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULO ANDRES F.C.,[1]<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-3075-TLN-JDP<br>A# 215-618-550<br>**RELEASE ORDER** |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 13, 2026, the magistrate judge filed amended findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 17.) Respondents have filed objections to the amended findings and recommendations "[f]or the reasons set forth in Respondents' previous briefing." (ECF No. 19.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The amended findings and recommendations filed November 13, 2026 (ECF No. 17) are ADOPTED in full.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents' motion to dismiss (ECF No. 10) is DENIED.

4. Petitioner's motion for an expedited review (ECF No. 14) is DENIED as moot.

5. Respondents are ordered to IMMEDIATELY RELEASE Petitioner (A# 215-618-550) from custody. At the time of release, Respondents shall return all of Petitioner's documents and possessions. Respondents shall not impose any additional restrictions on Petitioner unless such restrictions are deemed necessary at a future pre-deprivation hearing. Respondents shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

6. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondents shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

7. Petitioner's Motion for Immediate Release (ECF No. 9) is denied as moot.

8. The Clerk of the Court is directed to serve this Order on the **California City Detention Center**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: November 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE